IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHELSEA WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:25-cv-03245-MDH |
| | ) |
| HRM SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint Out of Time. (Doc. 17). Plaintiff filed Suggestions in Support (Doc. 18), Defendant filed Suggestions in Opposition (Doc. 20) and Plaintiff has filed a reply. (Doc. 21). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's Motion for Leave to File Amended Complaint Out of Time is **GRANTED**.

## BACKGROUND

This case arises from alleged violations of the Fair Labor Standard Act ("FLSA"). Plaintiff Chelsea Ward was an employee of Defendant between August 5, 2024, and August 7, 2025 as a Portfolio Support Technician. Defendant HRM Services, LLC is a domestic limited liability company doing business in Missouri.

Plaintiff's Complaint alleges that while employed by Defendant, she was paid a salary of $41,600 per year which was less than the minimum amount required for an exempt employee under the FLSA. Plaintiff alleges that her job duties did not qualify her as an exempt employ under the FLSA. Plaintiff states that while employed by Defendant she regularly worked in excess of 40 hours per week but Defendant did not pay Plaintiff time and a half for her hours worked in excess

1

of 40 hours. Plaintiff further alleges that she was told by Defendant's management that she was not permitted to discuss her wages, bonuses, or employer polices with her coworkers. Plaintiff concedes she discussed her wages and Defendant's employment policies with her coworkers but alleges that Defendant retaliated against her for this by interfering with Plaintiff's job duties, restricting who Plaintiff could speak with at work and subjected Plaintiff to a hostile work environment. Plaintiff states she protested the alleged harassment and not being properly paid for her work to Plaintiff's superiors. Defendant terminated Plaintiff's employment on or about August 7, 2025.

Plaintiff filed her Complaint on August 29, 2025, alleging FLSA Overtime and FLSA Retaliation. (Doc. 1). On November 3, 2025, this Court set out the Scheduling Order/Discovery Plan in this case. (Doc. 9). The Scheduling Order stated that "[a]ny motion to amend the pleadings shall be filed on or before December 24, 2025." *Id*. Plaintiff filed her current motion on January 7, 2026, seeking leave to file an amended complaint out of time to assert a new claim of unlawful wiretapping. Plaintiff argues that she recently became aware of the existence of this potential claim for relief, which only became apparent through a response to Plaintiff's Request for Production on December 5, 2025. The Defendant argues that Plaintiff has failed to show good cause to file an amended compliant out of time. The Court will evaluate the merits of Plaintiff's motion below.

**STANDARD**

Federal Rule of Civil Procedure 16(b) guides the district court's issuance and modification of pretrial scheduling orders and provides that "[e]xept in categories of actions exempted by local rule, the district judge … must issue a scheduling order," which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." *Sherman v. Winco Fireworks,*

*Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting Fed. R. Civ. P. 16(b)(1), (3)(A)). This schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

The Eighth Circuit has stated that in cases reviewing Rule 16(b) rulings, the focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order. *Id*. Only after the movant shows good cause may the court consider whether the amendment is proper under Rule 15(a). *Id*. Rule 15(a) states that when a party seeks leave to amend, courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In fact, "[a] court abuses its discretion when it denies a motion to amend the pleadings unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 606–07 (8th Cir. 2024) (alteration incorporated) (quoting *In re Target Corp. Secs. Litig.*, 955 F.3d 738, 744–45 (8th Cir. 2020)).

## ANALYSIS

### I. Rule 16(b)'s Good Cause Standard

#### A. Wiretapping Claim

Plaintiff argues that Defendant's Director of Management Operations, Sara Wells, used her mobile phone to record a conversation between Plaintiff and a co-worker on Defendant's premises. Ms. Wells then provided that recording to Defendant's Human Resources ("HR") Director Karissa Jones, who used the information in the recording to terminate Plaintiff's employment. Plaintiff

3

states that this information was only partially revealed to Plaintiff in Defendant's responses to Plaintiff's request for production on December 5, 2025. Plaintiff asserts that Defendant provided over 200 pages of documents for Plaintiff and counsel to review, which included an email dated October 16, 2025, where Ms. Wells admits to making and using the secret recording and providing it to Ms. Jones. Plaintiff further argues that the email nor the recoding was produced or identified in Defendant's initial Rule 26 disclosures, nor was it produced in response to Plaintiff's Requests for Production, which specifically requested any "statements" of the Plaintiff relating to her action for wrongful termination. Plaintiff asserts this shows good cause and warrants leave to file an amended complaint.

Defendant argues that Plaintiff failed to demonstrate good cause to amend her Complaint. Defendant argues that all information contained in Plaintiff's proposed wiretapping claim was available to Plaintiff as early as December 5, 2025. Defendant argues that Plaintiff has failed to offer any argument as to why the Scheduling Order's deadline for filing a motion to amend pleadings should be extended, and Plaintiff's motion does not point to any change in law, newly discovered facts, or any other circumstances that arose after the Scheduling Order's deadline to amend pleadings expired.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)); *see also* Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

The Court finds that Rule 16(b)'s good cause standard has been met. Plaintiff received the email prompting the addition of a wiretapping claim on December 5, 2025 as part of Defendant's response to Plaintiff's request for production. Defendant's responses to Plaintiff's request for production included over 200 pages of documents for Plaintiff and counsel to review. While Plaintiff filed her request on January 7, 2026, approximately two weeks after the deadline to amend the pleadings, the Court cannot say Plaintiff was dilatory in taking take to review the documents pursuant to her request for production. As such, the Court finds that good cause existed for the delay and thus Federal Rule of Civil Procedure 16(b)'s good cause standard has been met.

B.   **FLSA Overtime Claim**

Before the Court can move onto its Federal Rule of Civil Procedure 15(a) analysis, the Defendant raises an argument stating that Plaintiff is attempting to raise an additional FLSA claim in her Proposed Amended Complaint, and that too must meet Rule 16(b)'s good cause standard. Specifically, Defendant argues that although Plaintiff's Complaint alleges Defendant did not pay Plaintiff time and a half for overtime, the Complaint goes on to allege only retaliatory termination, without alleging that Plaintiff was entitled to overtime pay, and without alleging that Defendant's alleged failure to pay overtime constitutes a statutory violation of any kind. Defendant argues that Plaintiff's motion does not attempt to offer any justification or good cause why Plaintiff did not seek to amend her Complaint to add an overtime claim until after the December 24, 2025 deadline and thus has not established good cause as to this claim.

Plaintiff argues that the Proposed Amended Complaint does not add an additional FLSA claim. Plaintiff states that the original Complaint identified that Plaintiff was bringing claims under the FLSA for underpayment of overtime and for retaliation. Plaintiff argues that while the

5

Complaint had a single count, her allegations incorporated both potential claims, and the Proposed Amended Complaint merely separates out the overtime and retaliation claims into distinct counts.

Federal Rule of Civil Procedure 8 governs the general rules of pleading. It states:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Further, Federal Rule of Civil Procedure 8(e) instructs that "[p]leadings must be construed so as to do justice."

The Court finds that Plaintiff's Proposed Amended Complaint does not add an additional claim with its FLSA Overtime claim. Plaintiff's Complaint states:

While employed by Defendant Plaintiff was paid a salary of $41,600 per year. Plaintiff's salary was less than the minimum amount required ro an exempt employee under the air Labor Standards Act. Plaintiff's job duties did not qualify her as an exempt employee under the Fair Labor Standards Act. While employed by Defendant Plaintiff regularly worked in excess of 40 hours per week. Defendant did not pay Plaintiff time and a half for her hours worked in excess of 40 hours per week. Plaintiff protested that she was not being properly paid for her work to Plaintiff's superiors.

(Complaint ¶¶ 6-10 and 15). Plaintiff's Complaint also contains a prayer for relief which states that "Plaintiff prays the Court for judgment against Defendant for Plaintiff's damages, including back and front pay, attorney fees, costs, liquidated and other damages, and all such relief permitted by law." (Complaint, page 2). Plaintiff's initial Complaint alleges an FLSA Overtime claim and is not a newly added claim in her Proposed Amended Complaint. For the reason stated, the Court finds that Plaintiff's FLSA Overtime claim is not a newly added claim.

**II.     Futility**

Defendant argues that Plaintiff's proposed wiretapping claim is futile. Specifically, Defendant argues that Missorui's wiretap statute only applies to "wire communications". Defendant states that the alleged communication did not utilize facilities for the transmission of communication by the aid of wire, cable, or other like connection and that the Missouri wiretap statute is inapplicable in this instance. Plaintiff argues that the proposed wiretapping claim is not futile, and states that she is alleging a wiretapping claim under both the Missouri wiretap statute and the corresponding Federal law. Plaintiff argues that while Defendant focuses only on the Missouri wiretapping statute, the proposed wiretapping claim is not futile because the Defendant's employee intercepting an oral communication between the Plaintiff and her coworker using the Defendant's cell phone constitutes interception of an oral communication as defined by the Missouri wiretap statute.

Mo. Rev. Stat. § 542.400 *et seq*. are the Missouri wiretap statutes that governs the use of wiretapping activities in the State of Missouri. Mo. Rev. Stat. § 542.402 specifically defines illegal wiretapping in relevant part as:

> (2) Knowingly uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when such device transmits communications by radio or interferes with the transmission of such communication; provided, however, that nothing in sections 542.400 to 542.422 shall be construed to prohibit the use by law enforcement officers of body microphones and transmitters in undercover investigations for the acquisition of evidence and the protection of law enforcement officers and others working under their direction in such investigations;
>
> (3) Knowingly discloses, or endeavors to disclose, to any other person the contents of any wire communication, when he knows or has reason to know that the information was obtained through the interception of a wire communication in violation of this subsection

Mo. Rev. Stat. 542.402.1(2)-(3).[1] "Wire Communication" is defined in Mo. Rev. Stat. § 542.400(12) as:

> Any communication made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception including the use of such connection in a switching station furnished or operated by any person engaged as a common carrier in providing or operating such facilities for the transmission of local, state or interstate communications.

The Court finds that Plaintiff's wiretapping claim would not be futile. Plaintiff has submitted as part of her Suggestions in Support the email from Sara Wells, Director of Management Operations at HRM Services. The email entails Ms.Wells' internal notes she sent to HR regarding Plaintiff. The email states in relevant part:

> I set my work phone on record, let Megan and Chelsea know I was running home for lunch, and left. When I came back Chelsea and Megan were out back. I came in, got the phone and went to my car. I listed to the recording. Chelsea was speaking with Megan. She told Megan about the office meetings and how she felt. She went into detail regrading HRs email to her on flex time and how she will not work anymore than her [hours]. She read the emails to Megan.

(Doc. 18-1, page 4). Based on the email, the Court finds that Plaintiff's wiretapping claim would not be futile pursuant to Mo. Rev. Stat. § 542.402.[2] While Defendant attempts to argue that Ms. Wells recording Plaintiff's conversation with a fellow coworker was not a wire communication as defined by statute, the plain language of the statute would suggest that a phone recording would be considered a wire communication. For the reasons stated, the Court finds Plaintiff's wiretapping claim would not be futile.

### III. Undue Prejudice

---

[1] While Mo. Rev. Stat. § 542.402 is stated as a criminal statute, Mo. Rev. Stat. § 542.418 creates a private right of action in a civil matter for any violations of Mo. Rev. Stat §§ 542.400 to 542.422.

[2] The Court further reviewed the analogous federal wiretapping statute 18 U.S.C. §§ 2510, 2511 and 2520. The Court finds that Plaintiff's claim would not be futile under the federal statutes. However, as Defendant focuses its argument solely on the Missouri wiretapping statutes as to futility, the Court will decline to proceed in a full analysis of that issue.

Defendant lastly argues that Plaintiff's motion should be denied on grounds of prejudice. Defendant argues that it relied on the operative Complaint and the deadlines set forth in the Scheduling Order in formulating its litigation strategy, conducting discovery, preparing its defenses, and participating in mediation. Defendant further argues that allowing Plaintiff to amend her Complaint would necessitate additional discovery, and potentially necessitate a second mediation, resulting in additional expense and dely. Plaintiff argues that the Defendant would not be prejudiced by the granting of this motion. In support Plaintiff states she requested leave of court to amend the Complaint two weeks after the original deadline. Plaintiff argues that no depositions have been taken or scheduled yet, and there remains more than adequate time to conduct additional written discovery, if necessary. Plaintiff argues that if the Court determines that the two-week delay is prejudicial, the Court may amend the Scheduling Order to set a new date for the close of discovery and dispositive motions.

The Federal Rules of Civil Procedure state a "liberal amendment policy," and "a district court's denial of leave to amend pleadings is appropriate only in those limited circumstance in which undue delay, bad faith on the part of the moving [party], futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Additionally, "[a]ny prejudice to the nonmovant must be weighted against the prejudice to the moving party by not allowing the amendment. *Hoechst Farms, Inc. v. MO Cold Logistics, LLC*, No. 4:24-CV-720-MTS, 2024 WL 5262871, at *1 (E.D. Mo. Dec. 31, 2024) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (1998)).

The Court finds that any prejudice to the Defendant is outweighed by the prejudice that the Plaintiff would face if the amendment was not allowed. Although Defendant cites its own

investment into its litigation strategy, discovery, defense preparation, prior mediations, and the potential for extra costs and delays; Plaintiff has a right to bring her own cause of actions especially when new claims come to light. While the Court is cognizant of costs and any delays the parties may suffer based upon this ruling, an analysis of Plaintiff's wiretapping claim shows that allowing Plaintiff to amend her Complaint is what justice so requires. For the reasons stated, Plaintiff's Motion to Leave to File Amended Complaint Out of Time is **GRANTED**.

## CONCLUSION

For the reasons stated, Plaintiff's Motion to Leave to File Amended Complaint Out of Time is **GRANTED**.

**IT IS SO ORDERED**.

DATED: February 17, 2026

>/s/ Douglas Harpool
> **DOUGLAS HARPOOL**
> **UNITED STATES DISTRICT JUDGE**